# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ANTHONY JEROME MILLS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-17-1711 |
| CECELIA SHAW, | * | |
| KEEFE SUPPLY COMPANY, and | | |
| KEEFE REGINAL SERVICE CENTER | * | |
| Defendants | * | |
| | *** | |

## MEMORANDUM

The above-captioned complaint was filed on June 22, 2017, together with a motion to proceed in forma pauperis. ECF 2. Because he appears indigent and the complaint must be dismissed, the motion shall be granted.

Plaintiff Anthony Mills, an inmate at Jessup Correctional Institution, alleges that employees from Keefe Supply, the private corporation that provides commissary goods to the Maryland state prisons, slandered him when they accused him of stealing goods and breached a contract for sale of goods. He seeks 3 million dollars in damages. ECF 1.

Plaintiff filed this Complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this Court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating such a Complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal

construction does not mean that this Court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989).

Federal courts are courts of limited jurisdiction and "may not exercise jurisdiction absent a statutory basis." *Exxon Mobil Corp. v. Allapattah Servs., Inc*., 545 U.S. 546, 552 (2005). They "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level; this requires "more than labels and conclusions," as "'courts are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. *Id*. at 561.

The claim raised in the instant complaint does not arise under a federal statute nor does it include allegations regarding a constitutional rights violation. Defamation and breach of contract are state law claims that may only be raised in this court if the requirements for diversity jurisdiction are satisfied. Diversity jurisdiction applies "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of

different States." 28 U.S.C. § 1332(a)(1). Plaintiff provides a Maryland address for Keefe; states the cause of action arose in Maryland; and is himself a citizen of Maryland. Thus, the diversity of citizenship is not satisfied.

In addition, the amount in controversy does not meet the jurisdictional amount in this instance. Although plaintiff seeks 3 million dollars in damages, the amount sought does not appear to be a good-faith claim for damages. "The test for determining jurisdiction based upon the amount involved is primarily one of good faith." *Gauldin v. Va. Winn–Dixie, Inc.*, 370 F.2d 167, 170 n.1 (4th Cir. 1966). "[I]f it appears to a legal certainty that the plaintiff cannot recover the jurisdictional amount," the case should be dismissed for want of jurisdiction. *McDonald v. Patton*, 240 F.2d 424, 426 (4th Cir. 1957) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Plaintiff's good faith cannot be assumed by this Court where, as here, it appears to a legal certainty that the claim is really less than the jurisdictional amount of $75,000. *See St. Paul*, 303 U.S. at 289 ("It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal").

The complaint must be dismissed for lack of jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff is reminded that under 28 U.S.C. § 1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

A separate order follows.

| June 28, 2017 | /s/ |
|---|---|
| Date | James K. Bredar |
| | United States District Judge |